IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:22-CV-00217-KDB

| | |
|---|---|
| CARIBE SMITH,<br><br>**Plaintiff,**<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Caribe Smith's Complaint, (Doc. No. 1), Plaintiff's Brief in Support of Remand, (Doc. No. 12), and Defendant's Brief in Opposition to Remand (Doc. No. 15). Mr. Smith, through counsel, seeks judicial review of an unfavorable administrative decision denying his application for disability insurance benefits and supplemental security income under the Social Security Act.

Having reviewed the parties' briefs, the administrative record, and the applicable authority, the Court finds this matter should be remanded to allow the ALJ to reconsider his decision that the claimant is not disabled under the relevant sections of the Act. Accordingly, the Court will **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

## I. BACKGROUND

On January 9, 2020, Plaintiff applied for disability insurance benefits under Titles II and XVI of the Social Security Act, alleging that he had been disabled since December 8, 2019. (Tr. 20). Plaintiff's application was denied on its first review and upon reconsideration. (Tr. 20). After conducting a telephone hearing, Administrative Law Judge Gregory M. Wilson (the "ALJ") denied

Plaintiff's application in a decision dated October 26, 2021. (Tr. 45). The Appeals Council denied Plaintiff's request for review and thus the ALJ's decision now stands as the final decision of the Commissioner. (Tr. 6). Plaintiff timely seeks judicial review of that decision under 42 U.S.C § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration ("SSA") to determine whether Mr. Smith was disabled under the law during the relevant period.[1] At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571, et seq., and 416.971, et seq) and at step two that he had the following severe impairments: vision issues, depression, personality impulse control, neurodevelopmental disorder, bipolar disorder, coronary artery disease, lumbar/Thoracic spine disorder, osteoporosis and vertigo (20 CFR 404.1520(c) and 416.920(c)). (Tr. 22). At step three, the ALJ found that none of Plaintiff's impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 23).

Before proceeding to step four, the ALJ determined that Mr. Smith had the following residual functional capacity ("RFC"):

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but at step five the Commissioner must prove the claimant can perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

to perform medium work as defined in 20 CFR 416.967(c) except he can never climb ropes, ladders or scaffolds. He can frequently climb ramps and stairs, stoop, and crouch. He can have occasional exposure to temperature extremes, fumes, odors, dust, gases and unventilated environments. He should have no exposure to hazards, dangerous moving machinery or unprotected heights. He can perform simple and detaned work involving occasional decision-making, with frequent judgment required on the job with occasional changes in the work-setting, with a reasoning level of up to and including three which can be performed on a sustained basis eight hours a day, five days a week in two hour increments with normal breaks for an eight hour workday. He would require a low stress work environment, defined as nonproduction work, specifically no fast-paced work like on an assembly line where one would have to produce a product in a high-speed manner. He can have occasional contact with the public and frequent contact with coworkers and supervisors.

(Tr. 27). At step four, the ALJ found that Plaintiff could perform his past relevant work as an industrial cleaner. (Tr. 43).

At step five, the ALJ also found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform based on his age, education, work experience, and RFC. (Tr. 44). These jobs include hospital food service worker and dining room attendant (Tr. 44). Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act from January 9, 2020, through the date of his decision. (Tr. 44).

### III. LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual findings on that score are 'conclusive' in judicial review of the benefits decision

so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, ⸺ U.S. ⸺, 139 S. Ct. 1148, 1151-52, 203 L.Ed.2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Id.* at 1154 (internal quotation marks and alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[2] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted). Accordingly, this Court does not review a final decision of the Commissioner *de novo*, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Shinaberry*, 952 F.3d at 120 (internal citations omitted); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

Thus, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial

---

[2] As the Fourth Circuit has noted, "[s]tandards are easy to recite, but harder to apply. Part of that difficulty ... lies with confusing terminology like 'a scintilla of evidence.' After all, what in the world is a 'scintilla?' ... [D]ating back to the nineteenth century, courts have struggled with the 'distinction between what is a scintilla' and what is not. *Boing v. Raleigh & G.R. Co.*, 87 N.C. 360 (N.C. 1882) (remarking that the distinction 'is so narrow that it is often very difficult for a court to decide upon which side of the line' evidence falls). Recognizing this difficulty, current South Carolina Supreme Court Justice John C. Few once remarked, in jest, that 'scintilla is Latin for "whatever a judge wants it to mean." ' ... To overcome the vagaries inherent in the term 'scintilla,' courts should not only recite our well-settled standards ... but also actively engage with the [relevant underlying evidence] in analyzing the arguments of the parties." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756 (4th Cir. 2021).

evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. *Id*. (internal quotation marks omitted); *Shinaberry*, 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, notwithstanding this limited standard of review of the Commissioner's factual determinations, in all cases the Court must always ensure that proper legal standards are being followed.

## IV. DISCUSSION

Plaintiff raises two challenges to the ALJ's conclusion that he is not disabled. First, Plaintiff contends that the ALJ erred in his determination that the visual examination results did not meet the criteria for Listing 2.02. Doc. No. 12 at 3-4. Second, Plaintiff argues the ALJ failed to properly account for his visual limitations in formulating the RFC. Doc. No. 12 at 4-7. As discussed below, the Court need only reach Plaintiff's first argument to decide this appeal.

At step three of the five step evaluation process, a claimant will be successful on his claim for disability if he can demonstrate that his impairment meets a listing in Appendix 1. *See* 20 C.F.R. § 404.1525(c)(5). Plaintiff sought to establish his disability under a visual impairment, specifically Listing 2.02. Listing 2.02 for loss of central acuity is established when the "remaining vision in the better eye after best correction is 20/200 or less." 20 C.F.R. Pt. 404, Subpt. P, App'x I § 2.02.

Plaintiff underwent a series of five eye examinations beginning in August 2020. The first exam reported vision without corrective lenses of 20/70 in the right eye and 20/40 in the left eye. (Tr. 28). The second, in February 2021, reported an uncorrected vision of 20/200 in both eyes, as well as a diagnosis of unspecified optic atrophy and age-related nuclear sclerosis (Tr. 598-600). One month later, Plaintiff's uncorrected vision remained 20/200. (Tr. 610). The fourth, in April 2021, reported a corrected vision of 20/300 in the right eye and 20/350 in the left eye. (Tr. 685). The final examination, in May 2021, reported a corrected vision of 20/300 in the right eye and 20/250 in the left eye. (Tr. 693). When evaluated in a vacuum, Plaintiff's examination results from the final two exams meet the criteria for Listing 2.02.

Here, the ALJ found that the final two eye examinations (the two examinations that met the Listing 2.02 criteria) were inconsistent with other evidence in the record and therefore insufficient to establish the Listing. When evaluating medical evidence, the ALJ is required to consider the factors of supportability and consistency. Revisions to Rules, 82 Fed. Reg. at 5853. A source's supportability is defined as "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation." Revisions to Rules, 82 Fed. Reg. at 5853; *see also* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). A source's consistency is defined as "[t]he extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." Revisions to Rules, 82 Fed. Reg. at 5853; *see also* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

The second test in February 2021, revealed an unspecified optic atrophy. "Optic atrophy" is the deterioration of the optic nerve. Thus, it is logical to expect that Plaintiff's vision would get worse over time. So, the ALJ's conclusion that the latter eye tests were inconsistent with earlier tests and the activities by Plaintiff prior to February 2021, is a misapplication of the "consistency"

factor used to evaluate a medical opinion. While the eye tests that meet the Listing requirement are indeed different from the earlier eye tests and incompatible with the vision required for Plaintiff's earlier activities, they are consistent and expected with a diagnosis of deterioration of the optic nerve.

In sum, the Court concludes that the ALJ incorrectly applied the consistency factor when evaluating the medical evidence of Plaintiff's vision. Therefore, the ALJ's decision will be reversed, and this matter must be remanded to permit the ALJ to reconsider his determination that Plaintiff was not disabled based on a discounting of the latter vision examination results.

In ordering remand pursuant to sentence four of 42 U.S.C § 405(g), the Court does not forecast a decision on the merits of Plaintiff's reconsidered application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299, 113 S. Ct. 2625, 125 L.Ed.2d 239 (1993) (alteration in original) (emphasis omitted) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25, 110 S. Ct. 2658, 110 L.Ed.2d 563 (1990)).

## V. ORDER

**NOW THEREFORE IT IS ORDERED** that the Commissioner's decision is **REVERSED**. This matter is **REMANDED** for a new hearing pursuant to sentence four of 42 U.S.C. § 405(g).

**SO ORDERED ADJUDGED AND DECREED.**

Signed: July 7, 2023

Kenneth D. Bell
United States District Judge